IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

CARPENTERS LOCAL NO. 491            *
PENSION PLAN
c/o Associated Administrators, LLC      *
911 Ridgebrook Road
Sparks, Maryland  21152                 *       CASE NO.:

and                                     *

CARPENTERS LOCAL NO. 491            *
HEALTH AND WELFARE PLAN
c/o Associated Administrators, LLC      *
911 Ridgebrook Road
Sparks, Maryland  21152                 *

and                                     *

CARPENTERS LOCAL NO. 491            *
ANNUITY PLAN
c/o Associated Administrators, LLC      *
911 Ridgebrook Road
Sparks, Maryland  21152                 *

and                                     *

CARPENTERS LOCAL NO. 491            *
TRAINING FUND
c/o Associated Administrators, LLC      *
911 Ridgebrook Road
Sparks, Maryland  21152                 *

and                                     *

CARPENTERS LOCAL NO. 491            *
INTERNATIONAL TRAINING FUND
c/o Associated Administrators, LLC      *
911 Ridgebrook Road
Sparks, Maryland 21152                  *

and                                     *

CARPENTERS LOCAL NO. 491          *
DUES FUND
c/o Associated Administrators, LLC  *
911 Ridgebrook Road
Sparks, Maryland 21152             *

and                                *

CARPENTERS LOCAL 491              *
TRADE SHOW INDUSTRY FUND
c/o Associated Administrators, LLC  *
911 Ridgebrook Road
Sparks, Maryland 21152             *

       Plaintiffs          *

v.                                 *

BUILDTASK, LLC d/b/a POSITIVE-ID   *
3334 West Penn Street
Philadelphia, PA 19129             *

       SERVE ON:           *

       Chris Miller        *
       BuildTask, LLC
       3334 West Penn St.  *
       Philadelphia, PC 19129
                           *

       Maryland Department of
       Assessments and Taxation *
       Corporate Charter Division
       301 W. Preston St. Room 801*
       Baltimore, MD 21201
                           *

       Defendant           *

*   *   *   *   *   *   *   *   *   *   *   *   *

## **COMPLAINT**

### **Jurisdiction**

1.    The Jurisdiction of this Court is based upon Sections 502 and 515 of the

Employee Retirement Income Security Act of 1974, as amended, (hereinafter referred to as

"ERISA"), 29 U.S.C. Sections 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, (hereinafter referred to as "LMRA"), 29 U.S.C. Section 185 and 28 U.S.C. Section 1331.   Accordingly, this Court has subject matter Jurisdiction under 28 U.S.C. Section 1331.

2.      The Defendant, Build Task, LLC ("Build Task"), regularly conducts business in Maryland and its subsequently mentioned transgressions occurred in, or affected, Maryland, and/or its residents.

3.      Venue in this Court is appropriate under 28 U.S.C. Section 1391.

### Parties

4.      Carpenters Local No. 491 Pension Plan ("Pension Plan"), Carpenters Local No. 491 Health and Welfare Plan ("Health and Welfare Plan"), Carpenters Local No. 491 Annuity Plan ("Annuity Plan") and Carpenters Local No. 491 Training Fund ("Training Fund") are all multiemployer employee benefit plans (hereinafter referred collectively to as "The Funds") established pursuant to Section 3 of ERISA, as amended, 29 U.S.C. Section 1002.   Each fund is administered by fiduciaries within the meaning of Sections 3(21)(a) and 402(a) of ERISA, 29 U.S.C. Sections 1002(21)(A) and 1102(a).

5.      Carpenters Local No. 491 Dues Fund (the "Dues Fund") and Carpenters Local No. 491 Trade Show Industry Fund (the "TSIF"), collectively the "CBA Funds", are all responsible for collecting employee funds.   Defendant, NCS, entered into a Collective Bargaining Agreement ("CBA") wherein it agreed to pay these funds.

6.      BuildTask, LLC is a Pennsylvania limited liability company organized on March 10, 2008.

7.     The Funds initiate this suit pursuant to Sections 502(a)(3) and 515 of ERISA. BuildTask employs persons in the State of Maryland and other jurisdictions as laborers and other union positions.   BuildTask is an employer in an industry affecting commerce within the meaning of Section 3(5) of ERISA, 29 U.S.C. Section 1002(5).

## Collective Bargaining Agreement

8.     At all times pertinent to this claim, BuildTask was a signatory to a Collective Bargaining Agreement and/or Project Agreement(s) with Plaintiffs.

9.     Said Agreement provides for the rates of pay, wages, hours of employment and other conditions of employment for BuildTask's employees covered by said Collective Bargaining Agreement, and specifically provides for the payment by BuildTask to the Plaintiffs of specified sums for each hour worked by each of the Defendant's employees covered by said Collective Bargaining Agreement or specified percentages of gross earnings of the Defendant's employees covered by said Collective Bargaining Agreement.

10.     The Collective Bargaining Agreement further provides for certain authorized deductions to be made from paychecks of Defendants' employees.   Specifically, union dues are to be deducted from the paychecks of Defendants' employees and are to be remitted to the Plaintiffs.

## Trust Agreements

11.     The Plaintiffs operate as trusts for the purpose of providing specified annuity, health, welfare, pension and training benefits to employees performing work that is covered by the Collective Bargaining Agreement.

12.     The Trust Agreements for the Plaintiffs give the Trustees or their authorized representatives the right to audit an employer's books and records.

4

13.     The Internal Revenue Service ("IRS") provides that "multiemployer plans may also use field auditors to check on the accuracy of the employer's information. Field auditors visit the contributing employers to compare the remittance reports with their payroll and other personnel records, and with union dues and other records maintained by the union or affiliated health and welfare plans."

14.     Further, the Trust Agreements for the Plaintiffs give the Trustees the power and authority to construe "the provisions of the [Trust Agreements] and Declaration of Trust and the [Plans] and the terms used herein in their sole and absolute discretion in accordance with an arbitrary and capricious standard of review, and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Employers, and the Employees and their beneficiaries."

15.     Section 502(g) of ERISA, as amended, specifically authorizes the Court to award liquidated damages of up to twenty percent (20%) as provided for under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs. In the absence of liquidated damages in the agreement, ERISA authorizes an award equal to the amount of interest, which award is in addition to all other amounts awarded. ERISA further provides that interest shall be determined by using the rate specified in the agreement, or, if none is so specified, the rate prescribed by Section 6621of the Internal Revenue Code of 1986.

## COUNT ONE

### Claim By ERISA Covered Funds For

### Delinquent Contributions & Breach Of Contract

### January 2011 through December 2014

16.     Plaintiffs incorporate all prior paragraphs herein by reference as if fully stated.

17.     Defendant entered into a Collective Bargaining Agreement and contractually agreed to pay the Plaintiffs specified sums for each hour worked by each of Defendants' employees covered by the Collective Bargaining Agreement or specified percentages of gross earnings of Defendant's employees covered by the Collective Bargaining Agreement. Moreover, the Collective Bargaining Agreement requires certain deductions to be made from paychecks of Defendants' employees.   Specifically, union dues are to be deducted from paychecks of Defendants' employees and remitted to Plaintiffs.

18.     Plaintiffs requested that BuildTask make its payroll and business records from January 2011 through December 2014 available in order to conduct an audit on October 21, 2015. BuildTask failed to attend the audit.

19.     Plaintiffs made numerous attempts to re-schedule the audit, including:

a.      Plaintiffs' counsel, Stephanie E. Blair, Esq., sent BuildTask a letter on November 6, 2015 requesting to reschedule the audit within seven (7) days.

b.      Plaintiffs' counsel against wrote to BuildTask requesting to reschedule the audit on January 15, 2016.

c.      Plaintiffs' counsel sent final notice to BuildTask advising of the obligation to reschedule the audit on April 15, 2016.

20.     Finally, the audit was able to be rescheduled on May 26, 2016 with Plaintiffs' auditor, David Letushko ("Letushko"). Unfortunately, the records provided at the audit on May 26, 2016 were incomplete. A complete set of records required to complete the payroll review portion of the audit were not received until December 30, 2016.

21.     On February 2, 2017, Letushko sent a completed audit report summary to BuildTask regarding the results of the initial payroll review and identifying a number of

discrepancies and credits, including as to contributions required to be made to the Plaintiff funds pursuant to the Collective Bargaining Agreement. Prior to this time, the discrepancies had not been revealed and were not known to Plaintiffs. Letushko awaited a response from BuildTask as to the discrepancies.

22.     Plaintiffs and Letushko made numerous attempts to follow up with BuildTask as to a response to the audit report, including throughout the spring, summer, and fall of 2017. On November 14, 2017, Letushko reported finally having met with BuildTask to discuss the audit report summary. Letushko reported BuildTask was disputing a certain number of the discrepancies in the audit report and would be providing backup documentation in support of its position concerning same. Again, there was delay in receiving the backup documentation.

23.     On March 7, 2018, having received and reviewed BuildTask's backup documentation, Letushko sent BuildTask a revised audit report summary with adjustments made per the additional documentation received. Letushko asked for BuildTask to review and approve the revised audit report.

24.     BuildTask did not respond to the request to review the final report. As such, the audit was finalized and sent for billing as to the discrepancies and amount owed on March 27, 2018. As of the date of this filing, the discrepancies including as to the contributions owed the Plaintiff funds pursuant to the Collective Bargaining Agreement have not been paid. Moreover, BuildTask has not paid for the cost of the audit in the amount of $2,015.00.

25.     Defendant, BuildTask, has failed and refused to make required contributions due and owing to the following ERISA covered funds for the period of January 2011 through December 2014, as revealed by the audit conducted for that period: the Pension Plan, Health

Plan, Annuity Plan, Training Fund, and the International Training Fund. Accrued interest has been calculated through September 24, 2018 for the purposes of this filing.

26.     Based on the results of the payroll audit for covered work performed during the time period of January 2011 through December 2014, Defendant owes the Pension Plan twenty thousand nine hundred seventy seven dollars and twenty three cents ($20,977.23) in past due benefits, twenty one thousand four hundred eighty two dollars and forty two cents ($21,482.42) in interest, and four thousand one hundred ninety five dollars and forty eight cents ($4,195.48) in liquidated damages. Therefore, the Pension Plan is owed a total of forty six thousand six hundred fifty five dollars and thirteen cents ($46,655.13).

27.     Based on the results of the payroll audit for covered work performed during the time period of January 2011 through December 2014, Defendant owes the Health Plan fifty two thousand five hundred twenty eight dollars and seventy nine cents ($52,528.79) in past due benefits, fifty six thousand eight hundred ninety one dollars and forty two cents ($56,891.42) in interest, and ten thousand five hundred five dollars and eighty one cents ($10,505.81) in liquidated damages. Therefore, the Health Plan is owed a total of one hundred sixteen thousand nine hundred twenty six dollars and two cents ($116,926.02).

28.     Based on the results of the payroll audit for covered work performed during the time period of January 2011 through December 2014, Defendant owes the Annuity Plan twenty nine thousand nine hundred twelve dollars and nineteen cents ($29,912.19) in past due benefits, thirty thousand seven hundred twenty two dollars and seventy two cents ($30,722.72) in interest, and five thousand nine hundred eighty two dollars and forty seven cents ($5,982.47) in liquidated damages. Therefore, the Annuity Plan is owed a total of sixty six thousand six hundred seventeen dollars and thirty eight cents ($66,617.38).

29.     Based on the results of the payroll audit for covered work performed during the time period of January 2011 through December 2014, Defendant owes the Training Fund three thousand eight hundred ninety dollars and eighty seven cents ($3,890.87) in past due benefits, three thousand nine hundred eighty dollars and sixty four cents ($3,980.64) in interest, and seven hundred seventy eight dollars and seventeen cents ($778.17) in liquidated damages.  Therefore, the Training Fund is owed a total of eight thousand six hundred forty nine dollars and sixty eight cents ($8,649.68).

30.     Based on the results of the payroll audit for covered work performed during the time period of January 2011 through December 2014, Defendant owes the International Training Fund eight hundred thirty nine dollars and forty seven cents ($839.47) in past due benefits, eight hundred seventy four dollars and ninety one cents ($874.91) in interest, and one hundred sixty seven dollars and eighty nine cents ($167.89) in liquidated damages.  Therefore, the International Training Fund is owed a total of one thousand eight hundred eighty two dollars and twenty seven cents ($1,882.27).

31.     Moreover, under ERISA Section 502(g), the Plaintiffs are lawfully entitled to attorneys' fees.  Plaintiffs have incurred legal fees to pursue these matters, particularly as necessitated by the substantial effort required to obtain compliance with the audit, and including as may continue to accrue.

WHEREFORE, Plaintiffs, by and through their Trustees, pray:

a.      That judgment be entered against the Defendant and in favor of each Plaintiff ERISA covered fund in the amounts described herein for past due benefits, accrued interest, and liquidated damaged in the amounts set forth herein.  Interest is lawfully proscribed by ERISA Section 502(g)(2) from the date the delinquent contributions were due and owing until paid or

until the payment of judgment, whichever comes first. Liquidated damages are lawfully proscribed by ERISA Section 502(g). Judgment in favor of each Plaintiff ERISA covered fund should accordingly be entered be as follows, in addition to fees and any other relief granted:

The Pension Plan: $46,655.13;

The Health Plan: $116,926.02;

The Annuity Plan: $66,617.38;

The Training Fund: $8,649.68;

The International Training Fund: $1,882.27.

b.      That this Court enjoin Defendant from failing to make required contributions to Plaintiffs for employees covered by the current Agreement and all future Agreements;

c.      Plaintiffs be afforded post-judgment interest, and the cost of all necessary audits including as already incurred in the amount of $2,015.00;

d.      That judgment be entered for further delinquencies up until the time of judgment;

e.      Plaintiffs be awarded reasonable attorneys' fees;

f.      And further, that such other relief be granted to Plaintiffs as this Court deems just.

## COUNT TWO

### Claim By CBA Funds For

### Delinquent Contributions & Breach Of Contract

### January 2011 through December 2014

32.     Plaintiffs incorporate all prior paragraphs herein by reference as if fully stated.

33.     Defendant has entered into a Collectively Bargained Agreement wherein it contractually agreed to pay the Plaintiffs specified sums for each hour worked by each Defendant's employees covered by said Agreement or specified percentages of gross earnings of

Defendant's employees covered by said Agreement.  Moreover, the Agreement requires certain deductions to be made from paychecks of Defendant's employees.  Specifically, union dues are to be deducted from paychecks of Defendant's employees and remitted to Plaintiffs.

34.     Defendant, BuildTask, has failed and refused to make required contributions due and owing to the following CBA Funds for the period of January 2011 through December 2014, as revealed by the audit conducted for that period: the Dues Fund and the TSIF.  Accrued interest has been calculated through September 24, 2018 for the purposes of this filing.

35.     Based on the results of the payroll audit for covered work performed during the time period of January 2011 through December 2014, Defendant owes the Dues Fund eight thousand three hundred seven dollars and forty seven cents ($8,307.47) in past due benefits, plus interest.  Therefore, the Dues Fund is owed a minimum total of eight thousand three hundred seven dollars and forty seven cents ($8,307.47).

36.     Based on the results of the payroll audit for covered work performed during the time period of January 2011 through December 2014, Defendant owes the TSIF two thousand ninety one dollars and forty seven cents ($2,091.47) in past due benefits, plus interest. Therefore, the TSIF is owed a minimum total of two thousand ninety one dollars and forty seven cents ($2,091.47).

WHEREFORE, Plaintiffs, by and through their Trustees, pray:

a.      That judgment be entered against the Defendant and in favor of each Plaintiff fund in the amounts described herein for past due benefits and accrued interest. Judgment in favor of each Plaintiff CBA fund should accordingly entered in each of the following minimum amounts, in addition to fees and any other relief granted:

Dues Fund: $8,307.47;

TSIF: $2,091.47;

b.      That this Court enjoin Defendant from failing to make required contributions to Plaintiffs for employees covered by the current Agreement and all future Agreements;

c.      Plaintiffs be afforded post-judgment interest, the cost of all necessary audits including as already incurred in the amount of $2,015.00;

d.      That judgment be entered for further delinquencies up until the time of judgment;

e.      Plaintiffs be awarded reasonable attorneys' fees;

f.      And further, that such other relief be granted to Plaintiffs as this Court deems just.

Respectfully submitted,


_____/s/_____
Raymond L. Marshall / Fed. Bar No. 25162
Matthew M. Somers / Fed. Bar No. 18889
Chason, Rosner, Leary & Marshall LLC
401 Washington Avenue, Suite 1100
Towson, Maryland 21204
410-494-3700
rmarshall@crlmlaw.com
msomers@crlmlaw.com
Attorneys for the Plaintiffs